IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **REBECCA HUTSON** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No.: |
| vs. | ) |
| | ) |
| **UNUM LIFE INSURANCE COMPANY** | ) |
| **OF AMERICA** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## COMPLAINT
## EMPLOYEE RETIREMENT INCOME SECURITY ACT

COMES NOW Plaintiff Rebecca Hutson, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq*., and for her cause of action against Defendant Unum Life Insurance Company of America, respectfully states the following:

### Introduction

1.  Plaintiff Rebecca Hutson (hereinafter "Plaintiff" or "Ms. Hutson") brings this action, against Defendant Unum Life Insurance Company of America (hereinafter "Defendant" or "Unum") for damages caused by the Defendant's breach of statutory, contractual, and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2.  Ms. Hutson seeks recovery and payment of benefits due under a healthcare benefits plan, statutory penalties, and costs and attorney's fees associated with this action, as provided by ERISA.

3. This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

4. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, and Defendant resides or is found in this district.

**Parties**

5. Ms. Hutson is an individual residing in the Eastern District of Missouri. She is a vested participant in a Group Insurance Policy for certain employees of Washington University in St. Louis, which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a).

6. Ms. Hutson has standing to bring this action as a beneficiary under 29 U.S.C. §1132(a).

7. Unum provides health care coverage for certain employees of Washington University under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002. Specifically, Unum provides Long-Term Disability ("LTD") health insurance benefits.

8. Unum is an insurance company incorporated in Delaware and headquartered in Tennessee and is doing business in Missouri under a license to do business as a Foreign Insurance Company.

9. Unum administers and pays benefits under the terms of the LTD plan and is a fiduciary within the meaning of 29 U.S.C. §1002(16),

10. Washington University in St. Louis is a private university located in Missouri.

11. Washington University serves as the plan administrator and sponsor under the meaning of 29 U.S.C. § 1002(16).

## Facts

12. Ms. Hutson became disabled on February 28, 2007 due to chronic pain related to fibromyalgia, psoriatic arthritis, and severe spinal stenosis.

13. At all relevant times, Ms. Hutson has been under the care of licensed medical doctors.

14. At the time of her disability, Ms. Hutson was employed as an Assistant to the Chair at Washington University in St. Louis.

15. Unum classifies the physical demands of Ms. Hutson's job as sedentary.

16. On or about August 31, 2007, Unum approved Ms. Hutson's claim for LTD benefits beginning August 28, 2007.

17. Unum paid LTD benefits to Ms. Hutson through January 28, 2022.

18. Between August 28, 2007 and January 28, 2022, Unum conducted periodic reviews of Ms. Hutson's claim and continued to find her eligible for LTD benefits.

19. Ms. Hutson's treating rheumatologist, Dr. Sanjay Ghosh, stated on May 13, 2021 that Ms. Hutson's restrictions and limitations are as follows:

   a. No bending, stooping, pushing, or pulling

   b. No work above the shoulder or below the waist

20. Dr. Ghosh stated on July 12, 2021 that Ms. Hutson could not work due to her severe back pain and psoriatic arthritis.

21. On January 28, 2022, Unum denied Ms. Hutson's claim for continued LTD benefits on the basis that Ms. Hutson was no longer disabled under the terms of the Plan.

22. In its denial of benefits, Unum primarily relied upon a review conducted by Dr. Tammy Lovett, a family medicine physician employed in-house with Unum.

23. Ms. Hutson sent a letter of appeal to Unum's Appeals Unit dated February 7, 2022, which Unum received on February 14, 2022.

24. In her letter of appeal, Ms. Hutson reported that:

   a. Ms. Hutson has experienced numerous and frequent falls due to difficulties with her balance and gait and that she uses a cane to walk.

   b. Due to weakness and pain in her arm and hand, Ms. Hutson cannot type on a computer, and she cannot carry any items of any weight and often drops even items under ten pounds.

   c. Ms. Hutson experiences extreme pain sitting up even for brief periods and often spends several days in bed because of her severe pain, and she cannot reach up, bend over, or squat down.

25. On March 17, 2022, Unum upheld its adverse determination regarding Ms. Hutson's LTD benefits.

26. In upholding its decision to deny Ms. Hutson's LTD benefits, Unum primarily relied upon a review by Dr. Jamie Lewis, a physical medicine and rehabilitation physician employed by Unum.

27. Unum concluded that Ms. Hutson is able to perform the duties of her occupation and is not disabled under the terms of the Plan.

28. Despite Unum's conclusion, Ms. Hutson continues to experience significant debilitating symptoms and is unable to perform even the sedentary demands of her job.

## COUNT I
### Wrongful denial of Benefits pursuant 29 U.S.C. § 1132(a)(1)(b)

29. Ms. Hutson is entitled to LTD benefits under the terms of the Plan.

30. Ms. Hutson has provided substantial medical evidence demonstrating that she has been continuously totally disabled under the terms of the Plan since February 28, 2007.

31. Despite the evidence that Ms. Hutson is disabled under the Plan, Unum has denied, and continues to deny, Ms. Hutson her LTD benefits.

32. As a result of Unum's wrongful denial of benefits, Ms. Hutson has been damaged in the amount of unpaid benefits.

33. Ms. Hutson has appealed the adverse benefit determination and exhausted all available administrative remedies.

34. Unum's denial of Ms. Hutson's LTD benefits was arbitrary and capricious, and not based on substantial evidence.

35. Unum is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees, and costs.

**WHEREFORE,** Plaintiff Rebecca Hutson respectfully prays for judgment against Defendant Unum Life Insurance Company of America in the amount of unpaid past benefits, for an Order that Defendant begins future long-term disability and optional disability benefits payments to Plaintiff under the terms of the Plan, for attorney's fees and costs, and for any other such relief as the court deems just and proper.

## COUNT II
### BREACH OF FIDUCIARY DUTY PURSUANT TO 29 U.S.C. § 1132(a)(3)

36. Ms. Hutson brings this claim against Unum under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), which permits a participant to bring an action to enjoin any act or practice which

violates ERISA or the terms of the plan or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the Plan.

37. Unum is a Plan Administrator under the plan.

38. As a Plan Administrator, Unum both decides a beneficiary's right to benefits and pays those benefits thereby Unum bears an inherent conflict of interest.

39. Section 29 U.S.C. § 1104 codifies the fiduciary duties that Unum as Plan administrator owes to beneficiaries like Ms. Hutson, they are the Duty of Loyalty and the Duty of Prudence.

40. The duty of loyalty requires the plan administrator to convey complete and accurate information material to the beneficiaries right to benefits under the plan

41. The duty of prudence requires the plan administrator to act as a reasonably prudent claims adjuster would in the circumstances.

42. ERISA § 503, 29 U.S.C. § 1133 requires that every employee benefit plan must:

   a. provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant; and

   b. afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

43. 29 C.F.R. § 2560.503-1 codifies the plan procedures that are required to be implemented in every ERISA governed plan in order to guarantee that Plan administrators fulfill their fiduciary duties and provide a full and fair review of all claims made under an ERISA governed plan.

44. Unum failed to adequately implement claims procedures that complied with 29 C.F.R. § 2560.503-1 and as a result, breached the dual fiduciary duties it owed Ms. Hutson.

45. Unum did not provide Ms. Hutson with a reasonably clear explanation of what standards and guidelines it was utilizing to determine that Ms. Hutson's records did not support the disabling physical impairments he continues to suffer.

46. Defendant Unum breached the duty of loyalty by failing to adequately communicate with Ms. Hutson:

   a) Why Unum believed Ms. Hutson's medical records did not support the severe and ongoing physical impairments she was suffering.

   b) What evidence Unum needed from Ms. Hutson for Unum to reverse its determination that she did not meet the definition of disabled.

   c) What Unum believed was a significant enough change in Ms. Hutson's condition to warrant termination of Ms. Hutson's LTD benefits.

47. Defendant Unum breached the duty of Prudence by:

   1. Failing to thoroughly and properly consider the additional medical records Ms. Hutson provided with her appeal letter demonstrating ongoing, intensive treatment of her symptoms.

   2. Improperly drawing assumptions from Ms. Hutson's social media posts in a manner that would tend to support denial of Ms. Hutson's benefits without objective evidence for Unum's conclusions.

   3. Improperly relying solely on the opinions of Unum's own in-house physician reviewers and failing to obtain an independent review of Ms. Hutson's medical records from a third-party physician.

48. The above breaches are the byproduct of a review process that is not compliant with 29 CFR § 2560.503-1, which results in an exacerbation of the inherent conflict of interest of Unum being both the decider and payer of benefits and permits Unum to routinely breach the fiduciary duties it owes to beneficiaries such as Ms. Hutson.

49. The breaches were also the byproduct of Unum's arbitrary and inconsistent interpretation of plan provisions that were made to the detriment of Ms. Hutson and in favor of Prudential and Prudential's financial interest in denying Ms. Hutson's claims.

50. As a result of Unum's breaches of the dual fiduciary duties of loyalty and rudence owed to Ms. Hutson under ERISA, Ms. Hutson suffered actual harm, as he was denied benefits to which he was entitled under the Plan, he incurred attorneys' fees and costs, and he suffered other financial losses.

51. Unum breached its fiduciary duties under ERISA § 404, 29 U.S.C. § 1104, insofar as it failed to discharge its duties handling Ms. Hutson's benefits claim in a careful, skillful, and diligent manner.

**WHEREFORE**, Plaintiff Rebecca Hutson respectfully prays that this Court:

1) Grant judgment in his favor and against Defendant on all claims;

2) Order that Defendant pay restitution for all benefits that Ms. Hutson is entitled to but for the Prudential's breaches of fiduciary duties;

3) Declare Plaintiff's rights under the terms of the Plan, and clarify his rights to future benefits under the terms of the Plan;

4) Enjoin Defendant to provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1;

5) Enjoin Defendant to discharge its fiduciary duties in accordance with 29 U.S.C. § 1104;

6) Order restitution or surcharge to disgorge Defendant's unjust enrichment in wrongfully delaying and denying benefits and/or to make Plaintiff whole for losses, and payment of his attorneys' fees caused by Defendant's violation of 29 U.S.C. § 1133 and breach of fiduciary duty;

7) Order that Defendant pay the costs of suit, including Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

8) Award all such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**GALLAGHER DAVIS, L.L.P.**

*/s/ Adam J. Olszeski*
Matthew R. Davis  #MO58205
Adam J. Olszeski   #MO66126
Gallagher Davis, LLP
2333 S. Hanley Road
St. Louis, MO 63144
(314) 725-1780
(314) 725-0101 Fax
matt@gallagherdavis.com
adam@gallagherdavis.com